## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

DALE H. WYATT, Individually, and NICOLE
J. SHULER, Individually and as
Administratrix of the Estate of  Jacqueline E.
Preston-Wyatt, Deceased,

                Plaintiffs,                  C.A. No.

           v.                     DEMAND FOR TRIAL BY JURY

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, HARTFORD
LIFE, INC., THE WOOD COMPANY d/b/a
WOOD DINING SERVICES, INC.,
SODEXHO, INC. and
THE WOOD COMPANY'S GROUP LIFE
INSURANCE EMPLOYEES BENEFIT
PLAN

                Defendants.

## COMPLAINT

### Nature of the Action, Jurisdiction and Venue

1.      This is an action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* ("ERISA"), to recover employee benefits, to compel compliance with both an employee benefit plan and ERISA, and to recover costs and counsel fees.

2.      This Court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e)(1) (ERISA) and 28 U.S.C. §1331 (federal question).

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and under ERISA, 29 U.S.C. §1132(e)(2).

4.      Plaintiffs have exhausted all administrative remedies in order to bring this action.  Plaintiffs filed a claim for life insurance benefits pursuant to The Wood Company's Group Life Insurance Employees Benefit Plan with the Hartford Life and Accident Insurance Company on or about September 23, 2002.  The claim was denied on April 16, 2003.  Plaintiffs appealed the denial of life insurance benefits on June 10, 2003. The appeal was denied on August 13, 2003.

### *Parties*

5.      Plaintiff Dale H. Wyatt is an adult resident and citizen of the State of Delaware residing at 1820 Middleneck Road, Middletown, Delaware 19709 and is the son of Jacqueline E. Preston-Wyatt, now deceased.  Ms. Preston-Wyatt was a participant of the Plan within the meaning of ERISA, 29 U.S.C. §1002(7).  Mr. Wyatt is a beneficiary of the Plan within the meaning of ERISA, 29 U.S.C. §1002(8).  Mr. Wyatt has standing to bring this action under ERISA, 29 U.S.C. §1132(a)(1).

6.      Plaintiff Nicole J. Shuler is an adult resident and citizen of the State of Delaware residing at 1820 Middleneck Road, Middletown, Delaware 19709 and is the daughter of Ms. Preston-Wyatt, now deceased.  Ms. Shuler is the administratrix of the Estate of Ms. Preston-Wyatt.  Ms. Shuler is also a beneficiary of the Plan within the meaning of ERISA, 29 U.S.C. §1002(8).  Ms. Shuler has standing to bring this action under ERISA, 29 U.S.C. §1132(a)(1).

7.      Defendant Hartford Life and Accident Insurance Company ("Hartford") is a Connecticut corporation that, upon information and belief, is authorized to engage in the insurance business in the State of Delaware.  Hartford has a mailing address of P.O. Box 2999, Hartford, Connecticut 06104-2999.  Pursuant to 18 *Del. C.* §524, Hartford's

attorney for service of process is the Insurance Commissioner of Delaware.  Hartford is the insurer and administrator of the Plan and has fiduciary duties under ERISA with respect to the Plan.

8.     Defendant Hartford Life, Inc., ("Hartford Life") upon information and belief, is the parent company of Hartford.  Hartford Life is a Connecticut corporation which maintains a place of business at 200 Hopmeadow Street, Simsbury, Connecticut 06089.  Hartford Life's registered agent for service of process is the Corporation Service Company, located at 50 Weston Street, Hartford, Connecticut 06120-1537

9.     Defendant The Wood Company d/b/a Wood Dining Services, Inc., ("Wood") is a Delaware corporation which maintains a place of business at 6081 Hamilton Boulevard, P.O. Box 3501, Allentown, Pennsylvania 18106-0501.  Wood is the sponsor of the Plan.  Wood's registered agent for service of process is the Corporation Service Company, located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

10.     Defendant Sodexho, Inc., ("Sodexho"), upon information and belief, is the parent company of Wood.  Sodexho is a Delaware corporation whose registered agent is the Corporation Service Company, located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

11.     Defendant The Wood Company's Group Life Insurance Employees Benefit Plan ("Plan") is an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. §1002(1) and is subject to suit under ERISA, 29 U.S.C. §1132(d)(1).  Pursuant to ERISA, 29 U.S.C. §1132(d)(1), service of process upon Hartford in its capacity as administrator of the Plan constitutes service upon the Plan.

### *Facts Common to All Counts*

12.    Jacqueline E. Preston-Wyatt, now deceased, was first employed by Aramark, a predecessor of Wood, on October 21, 1998.  Ms. Preston-Wyatt was employed as a food service worker until approximately January 12, 2000, when, because of a disability, Wood placed her on extended medical leave.

13.    Since at least 1999, Ms. Preston-Wyatt, who was born in 1954, suffered from and was under the continuous care of medical providers for posttraumatic early osteoarthritis of the left knee, cervical degenerative disc disease, internal disc disruption, cervical spondylosis, chronic discogenic low back pain, myofascial pain syndrome, and constant disabling pain in her left knee, left arm, neck and back.

14.    By the end of 1999, Ms. Preston-Wyatt was unable to perform any work at Wood for which she was or could become qualified by education, training or experience because of her disability and the limits it imposed.  Ms. Preston-Wyatt was advised by her treating physicians that her occupation was harmful to her health and that she should not continue in her job.

15.    Ms. Preston-Wyatt applied to Wood for, and received, extended medical leave on January 12, 2000.

16.    Ms. Preston-Wyatt was determined to be eligible for long-term disability ("LTD") benefits effective April 13, 2000, and was regularly evaluated by various physicians and determined to be disabled and incapable of any work.

17.    Ms. Preston-Wyatt applied to Wood for, and received, LTD disability benefits for the period from April 13, 2000 to June 30, 2002.

4

18.    According to Hartford's Attending Physician's Statement of Continued Disability dated April 15, 2002, Ms. Preston-Wyatt was being seen monthly by a physician to confirm her continued disability and was diagnosed as totally disabled and incapable of performing any work.

19.    At all relevant times, Wood promised eligible employees "Basic Life Insurance" and "Accidental Death and Dismemberment Insurance" under the Plan. A copy of the Plan is attached hereto as Exhibit A. With respect to Basic Life Insurance and Accidental Death and Dismemberment Insurance, eligible employees were not required to contribute toward the Plan's cost.

20.    At all relevant times, Wood provided eligible employees the option of selecting "Supplemental Life Insurance" and "Dependent Life Insurance" under the Plan. With respect to Supplemental Life Insurance and Dependent Life Insurance, eligible employees were required to contribute toward the Plan's cost.

21.    At all relevant times, Hartford provided, and Wood paid substantial premiums to Hartford for, insurance covering some or all of Wood's financial risk under the Plan.

22.    At all relevant times, Wood and Hartford were parties to a contract under which Wood assigned and Hartford accepted responsibility for serving as administrator of the Plan. As a consequence of this arrangement, Hartford is in the dual role of funding the Plan benefit payments and deciding who is eligible for Plan benefits. Hartford's direct financial interest in whether Plan claims are approved or denied conflicts with the interests of Plan participants.

23.     The Plan provides that a person is eligible for coverage under the Plan if the person is in a class eligible for coverage and has satisfied the "Eligibility Waiting Period."

24.     The Plan provides that all "Active Full-Time Employees" are in a class eligible for coverage.

25.     The Plan defines an Active Full-Time Employee as an employee who works "for the Employer on a regular basis in the usual course of the Employer's business" and "at least 30 hours in the Employer's normal work week."

26.     The Plan defines the Eligibility Waiting Period as "the number of continuous days of service during which you must be an Active Full-Time Employee . . . before you become eligible for coverage."  If an employee is working for the employer on the "Plan Effective Date," there is no Eligibility Waiting Period.  If an employee is working for the employer after the Plan Effective Date, the Eligibility Waiting Period is the "[f]irst of the month coincident with or next following 3 months of employment."

27.     The Plan defines the Plan Effective Date as June 1, 1995.

28.     Ms. Preston-Wyatt was an Active Full-Time Employee and satisfied the Eligibility Waiting Period of the first month coincident with or next following 3 months of employment whether her date of hire with Aramark of October 21, 1998, or the date Aramark was succeeded by Wood, August 21, 1999, is utilized.

29.     At all relevant times during her Wood employment, Ms. Preston-Wyatt was eligible to and did participate in the Plan.

30.     At all relevant times during her Wood employment, Ms. Preston-Wyatt was eligible for and received Basic Life Insurance and Accidental Death and Dismemberment Insurance under the Plan.

31.     At all relevant times during her Wood employment, Ms. Preston-Wyatt was eligible for and had selected to receive Supplemental Life Insurance and Dependent Life Insurance under the Plan and made all necessary contributions.

32.     Ms. Preston-Wyatt designated Ms. Shuler and Mr. Wyatt as equal beneficiaries of the Basic Life Insurance and Accidental Death and Dismemberment Insurance and Mr. Wyatt as sole beneficiary of the Supplemental Life Insurance and Dependent Life Insurance.

33.     With respect to Basic and Supplemental Life, the plan provides that, "[i]f, prior to age 60 and while insured under the Plan, you are Disabled, then your insurance *will be continued* and all premiums will be waived."  (Emphasis added).

34.     A person is "Disabled" under the Plan if the person is "prevented by disability for nine consecutive months from doing any work for which you are or could become qualified by education, training or experience."

35.     Ms. Preston-Wyatt was disabled within the meaning of the Plan and was entitled to, and did receive, a premium waiver so that her insurance continued under the Plan.

36.     On June 26, 2002, Ms. Preston-Wyatt died of an adverse reaction to drugs.

37.     On August 28, 2002, Christopher Volo, Examiner for Hartford, requested a reimbursement of LTD benefits from the Estate of Ms. Preston-Wyatt because benefits had been paid through the date of her death.  Mr. Volo also notified the Estate that a

Survivor Income Benefit was payable to the Estate upon receipt of a copy of Ms. Preston-Wyatt's Death Certificate, a copy of a Court Order naming the Administrator of the Estate, and the Estate's taxpayer identification number.

38.     On September 11, 2002, Roslyn from Customer Service at Hartford told Ms. Shuler that Ms. Preston-Wyatt was receiving a premium waiver at the time of her death due to her disability and that Mr. Wyatt was eligible for a LTD Survivor Benefit.

39.     Under Wood's policy, a Survivor Income Benefit was paid to Mr. Wyatt in September 2002 in the amount of $1,885.02.

40.     On September 11, 2002, Carol Crockmell, Examiner for Hartford, told Ms. Shuler that, because Ms. Preston-Wyatt was receiving LTD benefits at the time of her death, Ms. Preston-Wyatt was eligible for the life portion of her insurance policy under the Plan.

41.     On September 11, 2002, Crystal K. Gangawere, Benefits Coordinator for Wood, told Ms. Shuler that Ms. Preston-Wyatt was eligible for life insurance under the Plan, and that she would process the claim that day and mail an application to Ms. Shuler.

42.     On September 13, 2002, Ms. Gangawere notified Ms. Shuler by letter that Ms. Shuler and Mr. Wyatt were the beneficiaries of Ms. Preston-Wyatt's Basic Life Insurance and Supplemental Life Insurance and requested that Ms. Shuler fill out and submit an enclosed Proof of Death form to process the life insurance claim.

43.     On the enclosed Proof of Death form a section titled "Statement of Employer" had already been filled out by hand including a subsection captioned "Reason employee did not return to work after last day worked" (to which was answered "Out on disability").  A subsection titled "Amount of Insurance Being Claimed" was also filled

out by hand with the amounts "23,000" under "Basic Life" and "46,000" under "Supplemental Life."

44.    On or about September 23, 2002, Ms. Shuler completed and timely submitted to Hartford the Proof of Death form.

45.    On April 16, 2003, Hartford, as administrator of the Plan and an insurer having a direct economic interest in the determination, denied Ms. Shuler and Mr. Wyatt's claim for life insurance benefits stating that Ms. Preston-Wyatt had ceased to be an Active Full-Time Employee on January 12, 2000, and, therefore, was not eligible for a premium waiver.

46.    Hartford's denial of Ms. Shuler and Mr. Wyatt's life insurance benefits claim was not received by Ms. Shuler or Mr. Wyatt within 90 days after their claim was filed.  ERISA, 29 C.F.R. §2560, requires that a plan administrator notify a claimant of the claim decision within 90 days after receipt of the claim.

47.    On June 10, 2003, Ms. Shuler requested that Hartford provide a full and fair review of its denial of her and Mr. Wyatt's claim for life insurance benefits under the Plan.

48.    On August 13, 2003, Ms. Shuler and Mr. Wyatt received from Hartford a denial of their appeal.  This time, however, Hartford alleged that Ms. Preston-Wyatt was not entitled to a premium waiver because she was not disabled.  Hartford improperly based denial of Ms. Shuler and Mr. Wyatt's claim on a review of Ms. Preston-Wyatt's medical records by Dr. Andrea Wagner, a physician who, on information and belief, relies on Hartford as a significant source of her income.  Dr. Wagner concluded that Ms. Preston-Wyatt was not disabled despite (1) having never spoken with, examined, nor

treated Ms. Preston-Wyatt, (2) having never spoken with Ms. Preston-Wyatt's treating physicians, and (3) notwithstanding the fact that the weight of Ms. Preston-Wyatt's voluminous medical records supports a contrary conclusion.

49.    Hartford's conduct with regard to Ms. Shuler and Mr. Wyatt's claim for life insurance benefits and their request for review was improper and unlawful for at least the following reasons:

(a)    Hartford first denied Ms. Shuler and Mr. Wyatt's claim for life insurance benefits by claiming that Ms. Preston-Wyatt was not an Active Full-Time Employee and, therefore, was not eligible for a premium waiver;

(b)    After Hartford's initial denial was questioned, Hartford affirmed its decision, but claimed that Ms. Preston-Wyatt was not entitled to a premium waiver because she was not disabled;

(c)    Hartford denied Ms. Shuler and Mr. Wyatt's claim for life insurance benefits without substantial evidence to support the denial;

(d)    Hartford denied Ms. Shuler and Mr. Wyatt's claim for life insurance benefits alleging that Ms. Preston-Wyatt was not disabled even though the medical evidence upon which Hartford relied supported the fact that Ms. Preston-Wyatt was disabled and entitled to a premium waiver under the Plan;

(e)    Hartford denied Ms. Shuler and Mr. Wyatt's claim for life insurance benefits alleging that Ms. Preston-Wyatt was not disabled even though it had previously been determined that she was eligible for LTD benefits and Hartford had previously approved Ms. Preston-Wyatt's claim for and paid LTD benefits from April 13, 2000, through the date of her death, June 26, 2002;

(f)  Hartford denied Ms. Shuler and Mr. Wyatt's claim for life insurance benefits alleging that Ms. Preston-Wyatt was not disabled even though, according to Hartford's Attending Physician Statement of Continued Disability dated April 15, 2002, Ms. Preston-Wyatt was being seen monthly by a physician to confirm her continued disability and was diagnosed as totally disabled and incapable of performing any work;

(g)  Hartford improperly based denial of Ms. Shuler's life insurance benefits claim on peer review by a physician who neither examined nor spoke with Ms. Preston-Wyatt or her physicians and who, on information and belief, relies on payments from Hartford as a significant source of her income;

(h)  Hartford denied Ms. Shuler and Mr. Wyatt's claim for life insurance benefits alleging Ms. Preston-Wyatt ceased to be a participant within the meaning of the Plan on January 12, 2000, even though Hartford paid a Survivor Income Benefit under the Plan to Mr. Wyatt;

(i)  Hartford refused to provide a truly full and independent review of its initial denial of benefits;

(j)  Hartford placed its financial interests above the interests of Ms. Preston-Wyatt, Ms. Shuler and Mr. Wyatt under the Plan; and

(k)  Hartford's conduct was arbitrary and capricious.

## COUNT I

### Claim to Recover Benefits Under ERISA Plan

50.  Plaintiffs Ms. Shuler and Mr. Wyatt incorporate by reference and reallege paragraphs 1-49 as if fully restated herein.

51.    Ms. Preston-Wyatt had satisfied all legitimate Plan requirements and Ms. Shuler and Mr. Wyatt are entitled to Basic Life Insurance and Supplemental Life Insurance benefits under the Plan.

52.    Hartford is the Plan insurer and has control of the Plan and the claims process.

53.    Hartford is the Plan administrator under ERISA and owes a fiduciary duty to all Plan participants and beneficiaries.

54.    Hartford, as Wood's agent, has responsibility to administer the Plan in good faith and without regard for its own economic interests.

55.    Defendants have wrongfully and repeatedly denied Ms. Shuler and Mr. Wyatt benefits to which they are entitled under the Plan.

56.    In denying Ms. Shuler and Mr. Wyatt's claim for life insurance benefits, defendants placed their own pecuniary interests above the rights of Ms. Preston-Wyatt, Ms. Shuler and Mr. Wyatt.

57.    Ms. Shuler and Mr. Wyatt are entitled to and seek to recover benefits under the Plan.  They also seek equitable relief under 29 U.S.C. §1132(a), including a declaratory judgment that they are entitled to Plan benefits and an injunction directing defendants to comply with the terms of the Plan and ERISA.

58.    Under 29 U.S.C. §1132(a)(1), Ms. Shuler and Mr. Wyatt seek clarification of their rights to benefits under the Plan.

59.    Defendants' denial of benefits was erroneous as a matter of law.

60.    Defendants' denial of benefits was erroneous as a matter of fact.

61.    Defendants' denial of benefits was arbitrary and capricious.

62.     Defendants' denial of benefits was an abuse of discretion.

63.     Defendants' denial of benefits was contrary to Ms. Preston-Wyatt, Ms. Shuler and Mr. Wyatt's rights under the Plan and ERISA.

64.     Defendants' breached their contractual and legal obligations to Ms. Preston-Wyatt, Ms. Shuler and Mr. Wyatt by denying them life insurance benefits under the Plan.

65.     Ms. Shuler and Mr. Wyatt have exhausted all administrative requirements of the Plan and ERISA.

## COUNT II

### Attorney's Fees and Costs

66.     Plaintiffs Ms. Shuler and Mr. Wyatt incorporate by reference and reallege paragraphs 1-65 as if fully restated herein.

67.     Ms. Shuler and Mr. Wyatt's pursuit of this action advances the interests of all participants and beneficiaries in the Plan as well as other plans with which Hartford is involved, and the relief sought hereunder will benefit all such participants and beneficiaries.

68.     Ms. Shuler and Mr. Wyatt are entitled to recover "reasonable attorney's fees and costs of the action" herein pursuant to ERISA, 29 U.S.C. §1132(g)(1).

**WHEREFORE,** plaintiffs, Ms. Shuler and Mr. Wyatt, pray that the Court enter judgment in their favor and against Defendants as follows:

(a)     Declaring that Ms. Shuler and Mr. Wyatt are entitled to life insurance benefits under the Plan;

(b)     Ordering defendants to make a full accounting of all life insurance benefits due Ms. Shuler and Mr. Wyatt under the Plan;

(c)     Ordering defendants to pay all benefits due to Ms. Shuler and Mr. Wyatt under the Plan;

(d)     Ordering defendants to pay pre-judgment interest on all benefits due and owing to Ms. Shuler and Mr. Wyatt;

(e)     Ordering defendants to pay post-judgment interest on all benefits due and owing to Ms. Shuler and Mr. Wyatt;

(f)     Ordering defendants to pay Ms. Shuler and Mr. Wyatt's attorney's fees and costs incurred in this matter;

(g)     Issuing an injunction prohibiting defendants from future breaches of their duties under ERISA and the Plan.


                                OBERLY, JENNINGS & RHODUNDA, P.A.


Dated: June 24, 2005            _____
                                William J. Rhodunda, Jr. (No. 2774)
                                800 Delaware Avenue, Suite 901
                                P.O. Box 2054
                                Wilmington, DE 19899
                                (302) 576-2000
                                Attorney for Plaintiffs

**EXHIBIT A**

**The Wood Company's Group Life Insurance Employees Benefit Plan**